

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-18-2008

# Jerez Sanchez v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3499

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

## Recommended Citation

"Jerez Sanchez v. Atty Gen USA" (2008). *2008 Decisions*. Paper 824.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/824

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3499
_____

ADELA JEREZ-SANCHEZ,
GELBER JEREZ, KIMBERLY JEREZ,
                              Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                              Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(BIA Nos. A72-776-896, A70-868-160, A70-868-161)
(U.S. Immigration Judge: Honorable Rosalind K. Malloy)
_____

Submitted Under Third Circuit LAR 34.1(a)
July 16, 2008

Before: SCIRICA, Chief Judge, CHAGARES and ALDISERT, Circuit Judges.

(Filed    July 18, 2008   )
_____

OPINION OF THE COURT
_____

PER CURIAM.

    Adela Jerez-Sanchez and her two children, Gelber Jerez and Kimberly Jerez,

petition for review of a final order of the Board of Immigration Appeals ("BIA"),

affirming the denial by the Immigration Judge ("IJ") of their application for asylum and withholding of removal.[1] Before the IJ, Jerez-Sanchez testified that she feared returning to Guatemala because of her past experiences with guerillas. The IJ, finding that Jerez-Sanchez's experiences did not constitute persecution, denied her application. Jerez-Sanchez appealed the decision to the BIA, which remanded the case so that she could present evidence of current conditions in Guatemala. On remand, the IJ, adopted the reasoning of the previous Immigration Judge, denied the application, and granted Petitioners voluntary departure in lieu of removal to Guatemala. Jerez-Sanchez appealed and the BIA affirmed the decision of the IJ.

We have jurisdiction pursuant to 8 U.S.C. § 1252(a). We uphold the BIA's determinations if they are supported by reasonable, substantial and probative evidence on the record considered as a whole. Yusupov v. Att'y Gen., 518 F.3d 185, 197 (3d Cir. 2008). Where the BIA substantially adopts the findings of the IJ, we review the decisions of both the IJ and the BIA. He Chun Chen v. Ashcroft, 376 F.3d 215, 222 (3d Cir. 2004).

To establish eligibility for asylum, Jerez-Sanchez must show a reasonable likelihood that she experienced past persecution or that she has a well-founded fear of future persecution "on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1158(b)(1)(A) (referring to 8 U.S.C. § 1101(a)(42)(A)); Chukwu v. Att'y Gen., 484 F.3d 185, 188 (3d Cir. 2007). To obtain

---

[1] The children's applications are derivative of Jerez-Sanchez's asylum application.

2

withholding of removal, she must demonstrate a clear probability that her life or freedom would be threatened in Guatemala on account of her race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1231(b)(3)(A); Romanishyn v. Att'y Gen., 455 F.3d 175, 178 n.1 (3d Cir. 2006).

Jerez-Sanchez's claim of past persecution rested on various encounters her husband, family members, neighbors and friends had with guerilla forces from 1980 to 1991.[2] Jerez-Sanchez testified that guerillas threatened her fiancé, brother-in-law and father. She believes her family was targeted by guerillas because they informed the government of the guerillas' whereabouts and were members of the Civilian Patrol. Finally, Jerez-Sanchez testified that, since she left Guatemala, her two sisters were raped in her home town and a friend of the family was killed by guerillas while working as a security guard at a bank.

While Jerez-Sanchez's experiences in Guatemala are tragic, they do not constitute past persecution under Immigration and Nationality Act. See Konan v. Att'y Gen., 432 F.3d 497, 506 (3d Cir. 2005)(general conditions of civil unrest or chronic violence and lawlessness do not support asylum). Jerez-Sanchez failed to testify to any personal harm she suffered at the hands of guerillas. See Cham v. Att'y Gen., 445 F.3d 683, 693 (3d Cir. 2006) (an applicant cannot rely solely on the persecution of her family members to

_____

[2]Because we write solely for the parties who are familiar with the facts, we will not recount each incident in detail. The incidents, however, were violent and often ended in the death of Jerez-Sanchez's family or friends.

qualify for asylum). Further, the threats made by guerillas were not personally directed at her, nor can they be described as "highly imminent, concrete and menacing." Chavarria v. Gonzales, 446 F.3d 508, 520 (3d Cir. 2006). Because Jerez-Sanchez failed to demonstrate past persecution she was not eligible for discretionary grant of asylum for humanitarian reasons. See Al-Fara v. Gonzales, 404 F.3d 733, 740 (3d Cir. 2005).

Jerez-Sanchez also failed to prove a well-founded fear of future persecution. See Gomez-Zuluaga v. Att'y Gen., 527 F.3d 330, 345 (3d Cir. 2008). Jerez-Sanchez presented only her subjective belief that guerillas were still active in Guatemala. See Kibinda v. Att'y Gen., 477 F.3d 113, 120 (3d Cir. 2007) (well founded fear of persecution must be supported by objective evidence). She did not present any tangible evidence that her family is being targeted because they were government informants. Moreover, the U.S. State Department Country Report on Guatemala indicates that there were no substantiated reports of politically motivated killings in 2004.

We find no merit in Jerez-Sanchez's contention that she did not receive an individualized determination from the BIA. See Abdulai v. Ashcroft, 239 F.3d 542, 549 (3d Cir. 2001). The BIA opinion specifically identifies and rejects arguments she made in front of the IJ. Id. at 550.[3]

For the above-stated reasons, we will deny the petition for review.

_____

[3]Because Jerez-Sanchez failed to make out an asylum claim, she necessarily failed to satisfy the more stringent standard for withholding of removal. See Lukwago v. Ashcroft, 329 F.3d 157, 182 (3d Cir. 2003).